IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN BAIN                               )
                                           )
        v.                                 )         NO. 3:08-0656
                                           )
TRANSPORTATION CORPORATION OF              )
AMERICA, et al.                            )


TO:    Honorable Todd J. Campbell, Chief District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

Pursuant to the Order entered August 12, 2008 (Docket Entry No. 47), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion to dismiss of Defendant Prison Health Services Inc. (Docket Entry No. 49), to which the Plaintiff has filed a response (Docket Entry No. 65). Also before the Court is the Defendant's reply (Docket Entry No. 66). Set out below is the Court's recommendation for disposition of the motion.


### I. BACKGROUND

The Plaintiff is an inmate of the Vermont Department of Correction ("VDOC") currently confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky.

On July 5, 2007, the Plaintiff filed this action pro se and in forma pauperis in the United States District Court for the District of Vermont ("District of Vermont") alleging that his civil rights were violated in January 2007, by the manner in which he was transported from the Southern State Correctional Facility in Springfield, Vermont, to the North Fork Correctional Facility ("North Fork") in Sayre, Oklahoma. The Plaintiff contends that the trip took over 50 hours and that conditions on the trip caused him great suffering and pain. In addition, he alleges that the transportation to North Fork was a form of retaliation against him because of prison grievances and lawsuits he had filed.

North Fork is a prison facility operated by Corrections Corporation of America, Inc. ("CCA"), a private company which operates and administers prison facilities nationwide. The plaintiff was transported from Vermont to North Fork by TransCor America, LLC ("TransCor"), a private company which transports prison inmates.

By Order entered June 30, 2008 (Docket Entry No. 35), Chief District Judge William K. Sessions, III, of the District of Vermont dismissed from the action all claims brought against the State of Vermont, the VDOC, Commissioner Hofmann, and Dr. Wehry, and transferred to the Middle District of Tennessee "the surviving portion of this case, which consists solely of conduct that is directly related to [the plaintiff's] treatment during his interstate transport." See Docket Entry No. 35, at 2.[1]

---

[1] In addition to specifically dismissing the four defendants and transferring the action, Chief Judge Sessions also adopted in full recommendations made by a Magistrate Judge to deny the Plaintiff's two motions to amend to add additional defendants and claims, except for a single claim of retaliation and a conspiracy claim against VDOC correctional officers Peter Potanas and Howard Brooks, and to dismiss without prejudice Dr. Lippmann, Dr. Warren, Prison Health Services, Inc., and "John and Jane Doe" because "the docket does not reflect service upon [them]." See Docket Entry No. 35, at 2, and Docket Entry No. 28, at 21 and 24, n.10.

Subsequent to the transfer of this action to this District, Defendants Transcor and CCA renewed their previously filed motion seeking dismissal of all claims against them. See Docket Entry No. 41. Defendant Prison Health Services, Inc. ("PHS") also filed a motion to dismiss, arguing that it had been dismissed from the lawsuit in the District of Vermont. See Docket Entry No. 49.

By Order entered March 5, 2009 (Docket Entry No. 53), the Court granted the motion to dismiss as to Defendant CCA, dismissed all claims against Defendant CCA, granted in part the motion to dismiss as to Defendant Transcor, and dismissed Plaintiff's 42 U.S.C. §§ 1985 and 1986 claims, his claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and his First Amendment retaliation claim. The Court denied Transcor's motion to dismiss the Eighth Amendment claim and state law claims and denied the motion to dismiss of PHS.

In its current motion, PHS contends that the claims remaining in this action are related solely to the events of the Plaintiff's transportation from Vermont to Oklahoma and there are no facts alleged in the complaint showing that PHS had any involvement in these events. In fact, PHS asserts that the Plaintiff himself states in the Complaint that PHS is involved only in providing health care to inmates within the State of Vermont. See Docket Entry No. 4, at 3, ¶ 6. Accordingly, PHS argues that the Plaintiff fails to state a claim against it upon which relief can be granted.

The Plaintiff admits that no PHS employees were present during his transportation and agrees to dismissal of any claims against PHS as long as they are dismissed without prejudice. See Plaintiff's Response (Docket Entry No. 65). The Plaintiff argues that PHS should not have consented to permitting his transfer and the proximate cause of "the clearly foreseeable injury, harm, and consequential damages Plaintiff suffer (sic) upon said transport." Id. at 2. Thus, as an

3

alternative to dismissal without prejudice, the Plaintiff requests that the Court transfer all claims against PHS back to the District of Vermont.

In its reply, PHS objects to any transfer of the claims against it back to the District of Vermont and contends that its motion to dismiss should be granted for the reasons stated in the motion. <u>See</u> Docket Entry No. 66.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the <u>pro se</u> plaintiff. <u>See</u> <u>Kottmyer v. Maas</u>, 436 F.3d 684 (6th Cir. 2006); <u>Boswell v. Mayer</u>, 169 F.3d 384, 387 (6th Cir. 1999); <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). <u>See also</u> <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, __ L.Ed.2d __ (2009) (reaffirming that <u>Twombly</u> standard for determining the sufficiency of a pleading applies to all civil actions and is not limited to anti-trust claims).

The factual allegations supplied must be enough to show a plausible right to relief. 550 U.S. at 555-61. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting

4

all of the material elements to sustain a recovery under some viable legal theory.  Id.; Scheid v.

Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).  The Court need not accept

as true legal conclusions or unwarranted factual inferences.  See Gregory v. Shelby County, 220

F.3d 433, 446 (6th Cir. 2000).


### III. ANALYSIS

The motion to dismiss should be granted.  The claims in this action are limited to events

occurring during the Plaintiff's transportation from Vermont to North Fork, which was conducted

solely by TransCor and its employees.  There are no facts alleged in the complaint showing that PHS

was involved in any of the events of this transportation, and the Plaintiff admits to such a lack of

involvement in his Response to the motion to dismiss.

For any claims based upon alleged constitutional violations, there must be facts showing the

direct involvement of the defendant in the alleged unconstitutional activity at issue.  Bellamy v.

Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir.

1983).  There are simply no facts alleged in the complaint supporting claims against Defendant PHS.

The Plaintiff's requests for dismissal without prejudice or for a transfer of claims against

PHS to the District of Vermont based upon a theory that PHS is liable for the alleged actions of

Transcor employees because PHS failed to object to or stop the transfer are entirely unpersuasive

and lack merit.  The Complaint contains no factual allegations which support a claim of any kind

against PHS.  There is no justifiable basis for continuing the action against PHS.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 55) filed by Defendant Prison Health Services, Inc., be GRANTED and all claims against Prison Health Services, Inc., be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET  GRIFFIN
United States Magistrate Judge

6