IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN BAIN | ) | |
| | ) | |
| v. | ) | NO. 3:08-0656 |
| | ) | |
| TRANSPORTATION CORPORATION OF AMERICA, et al. | ) ) | |

TO:   Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

Pursuant to the Order entered August 12, 2008 (Docket Entry No. 47), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion for summary judgment of Defendant TransCor America, LLC (Docket Entry No. 81). The Plaintiff has filed a response in opposition (Docket Entry No. 88), to which the Defendant has filed a reply (Docket Entry No. 93). Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

The Plaintiff is an inmate of the Vermont Department of Corrections ("VDOC") currently confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. On July 5, 2007, he filed this action pro se and in forma pauperis in the United States District Court for the District of Vermont ("District of Vermont") alleging that his civil rights were violated in January 2007, by the

manner in which he was transported from the Southern State Correctional Facility in Springfield, Vermont, to the North Fork Correctional Facility ("North Fork") in Sayre, Oklahoma. In addition, he alleges that the manner of his transportation to North Fork was a form of retaliation against him because of prison grievances and lawsuits he had filed.

North Fork is a prison facility operated by Corrections Corporation of America, Inc. ("CCA"), a private company which operates and administers prison facilities nationwide. The Plaintiff was transported from Vermont to North Fork by TransCor America, LLC ("TransCor"), a private company which transports prison inmates.

By Order entered June 30, 2008 (Docket Entry No. 35), Chief District Judge William K. Sessions, III, of the District of Vermont dismissed from the action all claims brought against the State of Vermont, the VDOC, Commissioner Hofmann, and Dr. Wehry, and transferred to the Middle District of Tennessee "the surviving portion of this case, which consists solely of conduct that is directly related to [the plaintiff's] treatment during his interstate transport." See Docket Entry No. 35, at 2.[1]

Subsequent to the transfer of this action, TransCor and CCA renewed their previously filed motion to dismiss and Prison Health Services, Inc. ("PHS") also filed a motion to dismiss. By Order entered March 5, 2009, the Court granted the motion to dismiss of CCA, granted in part the motion to dismiss of TransCor and dismissed Plaintiff's 42 U.S.C. §§ 1985 and 1986 claims, his claims

---

[1] Chief Judge Sessions also adopted in full recommendations made by a Magistrate Judge to deny the Plaintiff's two motions to amend to add additional defendants and claims, except for a single retaliation and conspiracy claim against VDOC correctional officers Peter Potanas and Howard Brooks, and to dismiss without prejudice Dr. Lippmann, Dr. Warren, Prison Health Services, Inc., and "John and Jane Doe" because "the docket does not reflect service upon [them]." See Docket Entry No. 35, at 2, and Docket Entry No. 28, at 21 and 24 n.10.

2

brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and his First Amendment retaliation claim, denied TransCor's motion to dismiss the Eighth Amendment claim and the state law claims, and denied the motion to dismiss of PHS. See Docket Entry No. 53. By Order entered July 15, 2009, a second motion to dismiss filed by PHS was granted and PHS was dismissed from the action. See Docket Entry No. 79.

Defendant TransCor has answered the complaint. See Docket Entry No. 64. A scheduling order (Docket Entry No. 59) and amended scheduling order (Docket Entry No. 75) were entered to facilitate pretrial activity in the action. The matter is currently set for a bench trial on June 10, 2010. See Order entered October 26, 2009 (Docket Entry No. 98).

## II. THE PLAINTIFF'S ALLEGATIONS

The Plaintiff contends that the trip took over 50 hours and that the conditions on the trip caused him great suffering and pain. He asserts that he suffers from chronic pain symptoms which are treated with medications but that medications sent with him on the transport bus were "withheld from him" or "dispensed at Defendants['] leisure." See Complaint (Docket Entry No. 4), at ¶ 20. He alleges that he was required to remain in a seated position in full restraints during the entire trip and that his handcuffs and ankle shackles were so tight that they caused swelling, bruising, lacerations, and pain, which did not abate for nearly two weeks after the trip. Id. at ¶¶ 14-16 and 24. He further alleges that the bus was either very cold or very hot, was excessively loud, that bathroom breaks were infrequent, and that it was difficult to eat while in the restraints. Id. at ¶¶ 17, 19, and 21. The Plaintiff contends that his complaints to the transportation officers were ignored,

3

were met with comments such as "they know how we ship you" and "they know how we do things," or resulted in threats. Id. at ¶¶ 16 and 22.

### III. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

The Defendant contends that the Plaintiff cannot present facts supporting his constitutional claims. The Defendant argues that it did not act with deliberate indifference, that it cannot be held liable under a theory of respondeat superior based on the acts of individual transport officers, that the Plaintiff suffered only de minimis physical injury, and that the Court should not exercise supplemental jurisdiction over the Plaintiff's state law claims upon the dismissal of his Section 1983 claims. The Defendant supports its motion with the affidavits of Jack Granderson (Docket Entry No. 85), Elceria Smith (Docket Entry No. 84), and Robin Gibson (Docket Entry No. 82-4).

In response, the Plaintiff disputes each of the Defendant's contentions and asserts that genuine issues of material fact exist which warrant the denial of summary judgment. The Plaintiff supports his response with his own affidavit (Docket Entry No. 91) and with copies of documents from his prison medical records (Docket Entry No. 90-1).

### IV. STANDARD OF REVIEW

Summary judgment is warranted in favor of one party if the evidence establishes there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Rule 56(c) of the Federal Rules of Civil Procedure; Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The ultimate question to be addressed is whether there are any genuine issues of disputed material fact. See Anderson v. Liberty Lobby, 477 U.S. 242, 248,

4

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If genuine issues of material fact do not exist, summary judgment is appropriate.

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in his favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. However, the nonmoving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 324; Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The nonmoving party "is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." Gaines v. Runyon, 107 F.3d 1171, 1174-75 (6th Cir. 1997). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003) (quoting Liberty Lobby, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "is not significantly probative" or is not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Liberty Lobby, 477 U.S. at 249-52.

5

## V. ANALYSIS

A. Previously Dismissed Claims

In the Plaintiff's response in opposition to summary judgment, he raises arguments pertaining to claims that are no longer a part of this action.

The Plaintiff contends that he is a "qualified individual" under the ADA and is entitled to protection under the ADA and the Fourteenth Amendment. See Plaintiff's Memorandum in Opposition (Docket Entry No. 89), at 3; Plaintiff's Statement of Disputed and Undisputed Material Facts (Docket Entry No. 90), at 7, ¶ 40; and Plaintiff's Affidavit (Docket Entry No. 91), at 1, ¶ 4. All claims under the ADA were dismissed from this action by Order entered March 5, 2009 (Docket Entry No. 53).

Additionally, the Plaintiff's civil rights claims in this action were construed by the Court as alleged violations of the Eighth Amendment's cruel and unusual punishment clause, and the case has proceeded upon that construction. See Report and Recommendation (Docket Entry No. 50), at 3 and 10. Further, the facts and allegations of this case do not support a plausible Fourteenth Amendment claim. It is the Eighth Amendment's explicit textual prohibition against cruel and unusual punishment, not the Fourteenth Amendment's substantive due process clause, that provides the legal foundation for any claims brought by the Plaintiff based upon the conditions of his transportation by TransCor. See Albright v. Oliver, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); Walker v. Norris, 917 F.2d 1449, 1455 (6th Cir. 1990).

The Plaintiff also frequently refers to a claim for retaliation against him because of his First Amendment activities. See Plaintiff's Memorandum in Opposition, at 1-2, 4, 11-12, and 32-35; Plaintiff's Statement of Disputed and Undisputed Material Facts, at 7, ¶ 42; and Plaintiff's Affidavit,

6

at 1, ¶¶ 19-22. However, the claim for retaliation was also dismissed from this action by the Order entered March 5, 2009.

B. Allegations Which Fail to State Constitutional Claims

Several of the allegations made by the Plaintiff simply fail to rise to the level of constitutional claims. Even when the undisputed facts before the Court are viewed in the light most favorable to the Plaintiff and all disputed facts are resolved in his favor for the purposes of summary judgment, the alleged events do not constitute violations of the Eighth Amendment's prohibition against cruel and unusual punishment.

The Plaintiff complains that the temperature in the van was either extremely hot or extremely cold. The Plaintiff alleges that this made the van extremely uncomfortable and that he either shivered or perspired excessively. Adequate shelter is one of the basic human needs protected by the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Spencer v. Bouchard, 449 F.3d 721, 728 (6th Cir. 2006). However, because uncomfortable and even harsh living conditions are part of the penalty of incarceration, see Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), in order to be deemed a violation of the Eighth Amendment, living conditions must violate contemporary standards of decency such that the prison inmate can be said to have been deprived of the minimal civilized measure of life's necessities. Id.; Spencer, supra.

Even if the Court takes as true that there were wide temperature fluctuations inside the transport van which caused the Plaintiff to shiver or perspire excessively, the Plaintiff has not shown that this caused a condition so extreme as to violate contemporary standards of decency.

7

Furthermore, the situation was temporary, affecting the Plaintiff for only two days and was, by the Plaintiff's own admission, caused by a malfunction in the transport van's "thermostat." See Plaintiff's Affidavit (Docket Entry No. 91), at 2, ¶ 13. These factors weigh against any possible conclusion that a constitutional violation occurred. See Hutto v. Finney, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). ("A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months."); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Berryman v. Johnson, 940 F.2d 658, 1991 WL 150808 (6th Cir. Aug. 6, 1991) (unpublished table decision).

Similarly, the Plaintiff's allegations that the volume on the movie played for inmates during the transportation was excessively loud and that it was difficult to eat while wearing the restraints fall far short of supporting a constitutional claim. Even if true, these conditions were only temporary and minor inconveniences. See Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994).

The Plaintiff also complains that two prescribed medications shipped with him during his transportation were dispensed to him by non-licensed, non-trained employees who were not wearing gloves. Such conduct, even if true, simply does not amount to a violation of the Eighth Amendment. See Todd v. Walters, 166 Fed.Appx. 590, 2006 WL 73132 (3rd Cir. Jan. 12, 2006); Acree v. Peterson, 2000 WL 1141587 (D. Or. Aug. 1, 2000).

The Plaintiff's allegations regarding bathroom usage and the cleanliness of bathroom facilities during his transportation also fail to rise to the level of a constitutional claim. While a factual question exists regarding the frequency with which the Plaintiff was provided with bathroom breaks, he does not allege that he was denied the opportunity to use the bathroom or that he was forced to urinate or defecate on himself because of the infrequency of bathroom breaks. See

8

Case 3:08-cv-00656 Document 100 Filed 11/04/09 Page 8 of 14 PageID #: 902

Plaintiff's Affidavit (Docket Entry No. 91), at 2, ¶ 14. To the extent that the Plaintiff complains that the onboard bathroom facility used by inmates on the van was small, ill-equipped, and unsanitary, his temporary exposure to this condition does not amount to an unconstitutional condition of confinement. See Hutto, supra; Dellis, supra.

C. Remaining Claims

The Plaintiff alleges that the transportation officers tightened his handcuffs and ankle shackles too tightly, causing him to suffer swelling, bruising, lacerations, and pain, and that the officers would not loosen the restraints when he complained. The Plaintiff also alleges that the manner in which he was transported, i.e., being forced to sit in restraints for a long period of time on a hard plastic seat without any accommodation for his medical afflictions, was cruel and unusual and that the transportation officers further failed to give him his prescribed medications. See Plaintiff's Memorandum in Opposition (Docket Entry No. 89), at 4-6 and 9.

The Plaintiff has not sued the individual transportation officers involved in his transportation. Thus, even if the Court assumes for the purposes of deciding the summary judgment motion that the Plaintiff's allegations state constitutional claims and that genuine issues of material fact exist concerning those claims, the Plaintiff must still show that TransCor was responsible for the alleged wrongdoings and that TransCor can be found liable under 42 U.S.C. § 1983.[2] See Cash v. Hamilton County Dep't. of Adult Prob., 388 F.3d 539, 542 (6th Cir. 2004).

---

[2] A private corporation involved in the control and custody of prison inmates performs a traditional state function and acts as a person operating under the color of state law for purposes of liability under 42 U.S.C. § 1983. Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996). In the instant action, TransCor does not dispute that it is a state actor for the purposes of Section 1983.

9

Because liability under Section 1983 cannot be based upon respondeat superior or vicarious liability, TransCor cannot be deemed liable based solely upon the conduct of its employees. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 122, 112 S.Ct. 1061, 1067 (1992); Cash, 388 F.3d at 542. TransCor's liability under Section 1983 is akin to the liability of a municipality under Section 1983. See Smedley v. Corrections Corp. of America, 175 Fed.Appx. 943 (10th Cir. Dec. 20, 2005); Thomas v. Coble, 55 Fed.Appx. 748 (6th Cir. Feb. 11, 2003); Johnson v. Corrections Corp. of Am., 26 Fed.Appx. 386 (6th Cir. Aug. 8, 2001). In Monell v. Department of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court held that a municipality can be found liable under Section 1983 when a policy of the municipality itself causes the constitutional violation at issue. The Supreme Court found that, "[i]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. The governmental entity must be the "moving force" behind the violation of the constitutional rights at issue. City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting Monell, 436 U.S. at 694).

Accordingly, TransCor cannot be held liable merely because its transportation officers may have acted in violation of the Plaintiff's constitutional rights. Street, 102 F.3d at 817-18; Taylor v. Michigan Dep't of Corr., 69 F.3d 76, 80-81 (6th Cir. 1995). The Plaintiff must prove a constitutional injury caused by an action taken pursuant to an official policy or custom of TransCor. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); Monell, supra; Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005); Taylor, 69 F.3d at 80-81.

The Court finds that the Plaintiff fails to set forth evidence showing that a policy or custom of TransCor was the moving force behind the alleged violations. To prove the existence of a policy or custom, the Plaintiff must show: (1) an official TransCor policy; (2) actions taken by TransCor officials with final decision-making authority; (3) a policy of inadequate training or supervision on the part of TransCor; or (4) a custom of tolerance or acquiescence of federal civil rights violations by TransCor. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); Thomas, 398 F.3d at 429; Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997); Doe v. Claiborne County, 103 F.3d 495, 507 (6th Cir. 1996).

The Plaintiff has not shown the existence of any official policy which can be said to be the moving force behind the alleged constitutional violations. The Plaintiff has likewise not satisfied either the second or the third method of showing a policy or custom. He has not offered any proof on the policy-making authority, if any, of the transportation officers involved in his transportation or of the level of training provided by TransCor to its transportation officers.

Thus, the Plaintiff is left to show that TransCor was the moving force behind the alleged constitutional violations because TransCor had a custom of tolerating or acquiescing in the violation of the civil rights of the prisoners it was transporting. Specifically, the Plaintiff has failed to show that TransCor had a custom of permitting inmates to be placed and left in restraints which were too tight and had a custom of permitting inmates to go without prescribed medications and of permitting inmates with medical needs to be transported with deliberate indifference to their medical needs.

The Sixth Circuit has articulated the requirements for a municipal liability claim based on the theory that the defendant had a custom of tolerating federal rights violations that was unwritten but nevertheless entrenched through actual practice. Under such a theory, the Plaintiff must show:

(1) the existence of a clear and persistent pattern of the alleged unconstitutional conduct;

(2) notice or constructive notice on the part of the defendant;

(3) the defendant's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and

(4) that the defendant's custom was the "moving force" or direct causal link in the constitutional deprivation.

Doe, 103 F.3d at 508. See also Thomas, 398 F.3d at 429.

Other than the facts surrounding his own transportation, the only other evidence presented by the Plaintiff on the issue of a custom of TransCor is his allegation that the TransCor employees involved in his transportation made the following comments, "they know how we ship you," and "they know how we do things," in response to his complaints. See Complaint, at ¶¶ 16 and 22; Plaintiff's Affidavit (Docket Entry No. 91), at ¶ 9. The Plaintiff argues that these comments indicate that TransCor knew about the alleged unconstitutional manner in which he was transported and accepted that conduct as the normal manner of transportation.

The comments of the TransCor employees provide scant evidence that is simply insufficient to satisfy the Plaintiff's burden of showing the liability of TransCor under Section 1983. A custom of tolerating unconstitutional conduct cannot be shown by relying only on the acts alleged to have violated the individual plaintiff's constitutional rights. See Thomas, 398 F.3d at 432-33. Further, the Plaintiff's evidence of comments by transportation officers fails to evidence a pattern of clear and consistent unconstitutional conduct. Indeed, the Plaintiff has offered no evidence of any purported unconstitutional conduct other than that which allegedly occurred during his transportation.

D. Peter Potanas and Howard Brooks

These two defendants are VDOC correctional officers who were included in the Plaintiff's motion to amend which was filed prior to transfer of the action to this District. Although Chief Judge Sessions adopted the recommendation that the motion to amend be granted as to a single retaliation and conspiracy claim against Potanas and Brooks, there is no indication in the record that either Potanas or Brooks has ever been served with process nor has an appearance been made on their behalves. Accordingly, these individuals should be dismissed in accord with Rule 4(m) of the Federal Rules of Civil Procedure because they have not been served with process.

E. State Law Claims - Supplemental Jurisdiction

The Plaintiff alleges state law claims of assault and battery, intentional infliction of emotional distress, and negligence. See Complaint at 10-12. He contends that the Court has original jurisdiction over his federal civil rights claims under 28 U.S.C. § 1331 and that supplemental jurisdiction over his state law claims is warranted under 28 U.S.C. § 1367(a) because the state law claims are so related to the federal civil rights claims that they are part of the same case or controversy. Id. at 4; Plaintiff's Response in Opposition (Docket Entry No. 89), at 31-32.

However, if the recommendation for dismissal of the Plaintiff's claims under 42 U.S.C. § 1983 is adopted, the basis for federal jurisdiction as asserted by the Plaintiff in this action will no longer exist and the Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c)(3). See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the motion for summary judgment of Defendant TransCor America, LLC (Docket Entry No. 81) be GRANTED and the Plaintiff's claims brought under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE. The Court RECOMMENDS that Peter Potanas and Howard Brooks be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because they have not been served with process in the action. The Court further RECOMMENDS that the Court decline to exercise supplemental jurisdiction over the Plaintiff's state law claims and that these claims be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge